

GERRON LINDSEY
SBI NO. 326202
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

July 1, 2005

THE HONORABLE SUE L. ROBINSON
United States District Court

Re: Lindsey v. Rispoli, et al. C.A. No. 04-1383-SLR

Dear Honorable Judge Robinson,

    The Counselor for the State defendants at one point told me to direct any complaints to her about my Civil Action which is what I have been doing. Each time I do so the problems become worst. I wrote to this counselor on June 14, 2005 regarding Sergeant Joseph Belanger removing my legal work. The Counselor responded to my letter and basically called my claims untrue. As this counselor has advised me she represents the Department of corrections so I feel that would pretty much prejudice her. Also in her letter she stated the reason I was searched is because she recieved a letter from me in which I made a threat of suicide. I don't dispute that. However she said this is the reason she had my cell searched to make sure I did not have any items in which I could harm myself with. My claim was sergeant Belanger removed legal work and personal mail. The counselor disputed him removing any legal work and said he took one personal letter in related to a seperate investigation. Even assuming that is correct how could a letter in side a envelope which was stamped do any bodily harm to me? He had no right to remove that letter or the legal work. But the State's

2

counselor says Sgt. Belanger was looking for any items in which I could harm myself with. That does not make any sense, he only removed paper work and letter and the letter the State's counsel admitts was removed. (Please see the enclosed letter from D.A.G. Eileen Kelly) Also in this counselor letter she states:

As you Know, this lawsuit is based on events which began when you injured yourself with a sharp object concealed in your mouth.
(Please see the enclosed letter.)

I don't dispute that because that is what I stated in my civil Action which is a fact. She is correct I did have a sharp object on the evening of October 9, 2004. However in the State's answer to my complaint it states I did harm to myself on that evening by bitting myself which the counselor said Lt. Rispoli observed me doing to justify him wrongfully pepper spraying me. The counselor is not as clear with the facts as she would have the court believe. First she states in her answering motion I was bitting myself now in her letter I used the sharp object to injure myself. She is correct I did use a sharp object and when the officers I mentioned in my civil Action arrived they seen I was cut but they did not know the sharp object I used was concealed in my mouth. And the officers directed me to step back to the door with my hands behind my back in which I did do. When Lt. Rispoli arrived I was still in that position and he got the door unsecured and reached around my body and pepper sprayed me in my face and head. Now if I would of been bitting myself as the States answering brief claim those officers that were present would of took imediate action and would not had waited for Lt. Rispoli to arrive. So not only does the ~~states answer~~ letter written by the state's counsel contradict the answering motion (filed by defendant's counsel) but it also proves that I got my injuries from the sharp object and I was not bitting myself which proves Lt. Rispoli

3

had no reason to pepper spray me like the answering brief admitts he did.

Further, Honorable Robinson On April 9, 2005 I wrote to the Department of Corrections Bureau Chief with accompanying documents which was forwarded to D.A.G. Eileen Kelly by the Department of Corrections. In this letter I showed and explained that I wrote to all of my proper authorities regarding me being harassed by officers and it has become worst since I filed a complaint with the court. The Department of Corrections replied saying it's nothing they can do because the case is in litigation and directed my letter and documents to the Attorney General's office. (Please see the enclosed letter) Your honor, I have been following my chain command however no one will hear my complaints and the harassment is becoming worst. Things are being done to prevent me from fairly litigating my case. At this point Honorable Robinson I am asking you for a facility transferr. I am human Honorable Robinson I have right as well as any other person. I am not trying to burden your Honorable court with these complaints. I am asking you to allow me to be put in another Level 5 facility where I can litigate my case and be free of harassment. It's impossible to get done with obstacles be placed in my path.

I respectfully ask you to grant this request.

Respectfully Submitted

Reverse →

I would like to have restraining orders placed on the follow people who have harassed me at on point or another regarding this case:

1. Seargeant Joseph Belanger
2. Lieutenant Seacord
3. Staff Lieutenant Taylor
4. Lieutenant Godwin
5. Nurse Qonnie
6. Ron Drake
7. Joe Richardson
8. Nurse Brenda - Defendant
9. Lieutenant Rispoli - Defendant
10. Sergeant Carpenter - Defendant
11. C/o Gonzales - Defendant
12. C/o Moore - Defendant
13. C/o Manno - Defendant
14. C/o Terry - Defendant
15. Cpl. Lise Merson
16. C/o Rosalie Vargus

IM Gerron Lindsey
SBI# 326202   UNIT Stu-19
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

LEGAL MAIL
July 5, 2005

Judge Sue L. Robinson
United States District Court
844 King Street
Wilmington, Delaware 19801