IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERRON MAURICE LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 04-1383-SLR |
| ) | |
| LT. RISPOLI, C/O MOORE, C/O ) | |
| VICTOR GONZALEZ, SGT. ) | |
| CARPENTER, C/O MANNO, C/O ) | |
| TERRY, NURSE HOLLY, and NURSE ) | |
| BRENDA, ) | |
| ) | |
| DefendantS. ) | |

O R D E R

At Wilmington this 19th day of July, 2005,

IT IS ORDERED that plaintiff's motion for representation by counsel is denied without prejudice to renew. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such

assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

In the case at bar, plaintiff, an inmate at Delaware Correctional Center, alleges that he was mistreated by defendants while on suicide watch. The plaintiff has shown that he is capable of recounting the alleged events and highlighting those facts that present legal issues. Most likely an investigation into the alleged invents and the record can be developed through the discovery process, i.e., admissions and interrogatories, without the aid of legal counsel. In addition, it is unlikely

that plaintiff's claims will require expert testimony. Therefore, at this time the court does not think that plaintiff's claims present special circumstances or complicated legal issues that require representation by counsel.

                                                        /s/ Sue L. Robinson
                                                 United States District Judge